JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| James Shin,<br><br>PLAINTIFF(S)<br>v.<br>Law Office of Morse Mehrban, A.P.C., et al.,<br><br>DEFENDANT(S) | CASE NUMBER<br>2:19-cv-05479-GW-RAO<br><br>ORDER RE REQUEST TO PROCEED<br>*IN FORMA PAUPERIS* |
|---|---|

**IT IS ORDERED** that the Request to Proceed *In Forma Pauperis* is hereby GRANTED.

_____     _____
Date                                                    United States Magistrate Judge

**IT IS RECOMMENDED** that the Request to Proceed *In Forma Pauperis* be **DENIED** for the following reason(s):

☐ Inadequate showing of indigency          ☒ District Court lacks jurisdiction
☐ Legally and/or factually patently frivolous   ☐ Immunity as to _____
☐ Other: _____

Comments:
See attached statement of decision.

June 28, 2019                                           *[signature: Rozella A. Oliver]*
Date                                                    United States Magistrate Judge

**IT IS ORDERED** that the Request to Proceed *In Forma Pauperis* is hereby:

☐ GRANTED
☒ DENIED (see comments above). IT IS FURTHER ORDERED that:
  ☐ Plaintiff SHALL PAY THE FILING FEES IN FULL within 30 days or this case will be dismissed.
  ☒ This case is hereby DISMISSED immediately.
  ☐ This case is hereby REMANDED to state court.

June 30, 2019                                           *[signature: George H. Wu]*
Date                                                    United States District Judge

*James Shin v. Law Office of Morse Mehrban, A.P.C., et al.*
2:19-cv-05479-GW-RAO

On June 24, 2019, Plaintiff James Shin filed a Complaint (Compl., Dkt. No. 1) and a request to proceed *in forma pauperis* ("IFP Request") (Dkt. No. 3). The allegations in the Complaint appear to arise from Defendants' involvement in a prior lawsuit against Plaintiff. Upon review of the Complaint, the Court determines that it lacks subject matter jurisdiction, and thus Plaintiff's IFP Request should be denied.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and statute. *See, e.g.*, *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994). Subject matter jurisdiction can be established under federal question or diversity jurisdiction. *See* 28 U.S.C. §§ 1331, 1332. "The party seeking to invoke the court's jurisdiction bears the burden of establishing that jurisdiction exists." *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986) (citation omitted). It is this Court's duty to examine its own subject matter jurisdiction. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514, 126 S. Ct. 1235, 163 L. Ed. 2d 1097 (2006).

The Complaint does not appear to raise a question arising under federal law, nor does it appear to allege a violation of Plaintiff's constitutional rights. The first page of the Complaint states that the action is bought for rescission, fraud, defamation, "abuse process; abuse law," tortious interference with prospective economic advantage, "negligent and fraud," and unjust enrichment. (Compl. at 1.) These claims arise under state, not federal, law.

Plaintiff also does not identify a basis for invoking the Court's diversity jurisdiction. Federal district courts "shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332(a). The amount in controversy requirement is satisfied, as Plaintiff seeks $150,000 in damages. (Compl. at 13.) However, Plaintiff fails to show that this action is between citizens of different states. Plaintiff, who resides in Los Angeles, is a citizen of California. (*See id.* at 2.) Plaintiff also asserts that "Defendants each were and are individuals residing in the County of Los Angeles and doing business in the County of Los Angeles." (*Id.*) Thus, it appears that all parties are citizens of the same state.

Because Plaintiff has not shown the existence of a federal question or diversity of citizenship, the Court determines that it does not have subject matter jurisdiction over this action. **Accordingly, the Court recommends that Plaintiff's IFP Request be denied and that this action be dismissed for lack of subject matter jurisdiction.**